IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICK-JAMES SIMMONS,** | : | CIVIL ACTION |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| **FREDRICK HARRAN,** *et al.*, | : | |
| *Defendants*. | : | NO.  25-cv-3776 |

**MEMORANDUM**

**KENNEY, J.**                                                                                                            **January 30, 2026**

Plaintiff Patrick-James Simmons, proceeding *pro se*, brings this suit against more than two dozen Defendants for alleged harms relating to his May 14, 2020 termination from the Pennsylvania State Police ("PSP"). ECF No. 1 ("Compl."). Before the Court are two motions to dismiss: (1) Defendants Dave Shearn (captioned incorrectly as "Shern"), Michael-Ann Andrusiak, Mark Alicia, Jonathan Sunderlin, Dan Steele, Denea Durham, Dennis Harding, Jamie Kemm, Kent Kaylor, Sam Shehu, Brooke Meade, Lisa McLawler, Kevin S. Bradford, Jenny Scraic, Emily Hoffman, Adam Swalm, Sarah Vandergest, and Thomas Tran's[1] (collectively, the "Commonwealth Defendants") Motion to Dismiss Complaint (ECF No. 28); and (2) Defendant Kristie Wolf-Maloney's (captioned incorrectly as "Wolf-Malhoney") Motion to Dismiss (ECF No. 29). For the reasons set forth below, the Court will grant both Motions to Dismiss (ECF Nos. 28, 29) and will dismiss Plaintiff's claims against the Commonwealth Defendants and Defendant Wolf-Maloney with prejudice.

---

[1] Defendant Thomas Tran requested that the Court deem him as having joined in the other Commonwealth Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 28) in a praecipe dated November 21, 2025, ECF No. 30, which the Court granted, ECF No. 31.

1

I.   **BACKGROUND**

The facts are taken from the Plaintiff's Complaint and are accepted as true at the motion-to-dismiss stage. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The Complaint consists of various types of documents and is difficult to decipher at times, so the Court summarizes the pertinent facts from different pages and documents attached to the Complaint. Plaintiff previously worked as an automotive technician for the Commonwealth of Pennsylvania, PSP. Compl. at 8.[2] After sustaining a work injury in August 2017, Plaintiff took medical leave from February 21, 2019 through January 20, 2020. *Id.* at 6, 48. Plaintiff alleges that during his leave of absence from work, "wrongdoers" and unspecified PSP agents "fabricated INTERNAL AFFAIRS/BLUE TEAM entries" against him, ultimately resulting in his allegedly wrongful termination "for speech" on May 14, 2020. *Id.* at 6. The Complaint asserts that Plaintiff was "wrongfully terminated, defamed, assaulted and battered, robbed, . . . [and his] property has been damaged by the aforementioned wrongdoer(s) individually and collectively." *Id.* Plaintiff states that the Commonwealth Defendants "conspired with others to get [him] terminated from [his] job and . . . trespassed on [his] Constitutional and Civil rights in violation of 18 U.S.C. § 241; 18 U.S.C. § 242; 18 U.S.C. § 245; 42 U.S.C. § 1983." *See id.* at 22–41.

In December 2021, as Plaintiff's union representative, Defendant Kristie Wolf-Maloney represented Plaintiff in a work-related arbitration against the PSP regarding Plaintiff's allegedly wrongful termination. *Id.* at 6. During the arbitration, Plaintiff alleges that the PSP submitted into evidence an unredacted, unencrypted copy of an arrest record and Defendant Wolf-Maloney submitted into evidence a copy of an order showing that the arrest record had been expunged. *Id.*

---

[2] Plaintiff's Complaint does not contain numbered paragraphs as required by Federal Rule of Civil Procedure 10(b). As such, citations to the Complaint herein refer to the pagination reflected in the electronic filing header at the top of each page.

at 6, 56. After the arbitration ended, Plaintiff noticed that a copy of the arrest record and a list of exhibits submitted in the arbitration were missing from a stack of exhibits upon his return from the restroom. *Id.* at 56.

On March 21, 2022, the arbitrator issued a decision finding that the PSP had just cause to terminate Plaintiff's employment. ECF No. 29-1 at 12–14.[3] Plaintiff requested that Defendant Wolf-Maloney appeal the arbitration decision, but Defendant Wolf-Maloney declined, allegedly stating, "Unfortunately we cannot appeal a lawful ruling." Compl. at 56. In his complaint, Plaintiff asserts that Defendant Wolf-Maloney "conspired with others to get [him] terminated from [his] job and . . . trespassed on [his] Constitutional and Civil rights in violation of 18 U.S.C. § 241; 18 U.S.C. § 242; 18 U.S.C. § 245; 42 U.S.C. § 1983." *Id.* at 34. The Complaint also includes allegations against Defendants associated with the Bucks County Justice Center relating to the revocation of Plaintiff's concealed carry license, *see id.* at 7, but since those Defendants have not entered an appearance in this case, the Court will not discuss these allegations in this Memorandum Opinion.

The present action is not the first lawsuit that Plaintiff has filed relating to his May 14, 2020 termination from the PSP. On March 25, 2021, Plaintiff filed an action in this same Court alleging that his termination was the result of disability discrimination in violation of the Americans with Disabilities Act. *Simmons v. Pa. State Police*, No. 21-cv-1455 (E.D. Pa. filed on Mar. 25, 2021). The 2021 federal lawsuit was voluntarily withdrawn due to a lack of federal question jurisdiction, No. 21-cv-1455, ECF No. 14, and was later transferred to the Bucks County Court of Common Pleas, Civil Case No. 2021-5982. The Bucks County lawsuit was consolidated

---

[3] The arbitrator's decision is not a part of the pleadings but may be considered by the Court on a motion to dismiss because Plaintiff's claim against Defendant Wolf-Maloney is based upon the decision. *See infra* Section II.

with another action, *Simmons v. Pa. State Police*, No. 2022-6721 (Bucks County Court of Common Pleas, filed on Dec. 22, 2022), both of which were fully adjudicated through a bench trial and resulted in a final judgment in favor of PSP, which Plaintiff did not appeal. *See* ECF No. 28-1.

Plaintiff filed this action on July 21, 2025. ECF No. 1. On the form complaint, Plaintiff selected that he was bringing a breach of contract action ("Other Contract"), but in Section VI of the same form, Plaintiff stated that he was bringing suit under 42 U.S.C. § 1983 and asserts claims for "trespass: constitution[al] and civil rights violations, [and] injunctive relief." *Id.* at 61. Elsewhere in the Complaint, Plaintiff refers to his constitutional rights under the First, Seventh, Ninth, and Tenth Amendments of the United States Constitution. *Id.* at 5, 9. Plaintiff seeks monetary damages in the amount of $103,946,159.64 as well as injunctive relief. *Id.* at 9, 60–61.

On November 17, 2025, the Commonwealth Defendants filed their Motion to Dismiss, ECF No. 28, and on November 18, 2025, Defendant Wolf-Maloney filed her Motion to Dismiss, ECF No. 29. Plaintiff filed his responses to both Motions to Dismiss on December 5, 2025. ECF Nos. 33, 34. Defendant Wolf-Maloney filed a reply in support of her Motion to Dismiss on December 19, 2025. ECF No. 36. Accordingly, the Motions are ripe for consideration.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (citation omitted). A complaint is plausible on its face when the plaintiff pleads a factual contention that "allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, courts must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler*, 578 F.3d at 210 (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" to defeat a Rule 12(b)(6) motion. *Iqbal*, 556 U.S. at 678. "A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

When a plaintiff proceeds *pro se*, courts must construe the plaintiff's allegations liberally. *See Liggon-Redding v. Est. of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011). However, *pro se* plaintiffs must follow the same rules of procedure as other litigants, including properly serving the defendants. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). However, "a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *Id.* (cleaned up) (citation omitted). The court may also "consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Keystone Redevelopment Partners, LLC v. Decker*, 631 F.3d 89, 95 (3d Cir. 2011) (internal quotations and citation omitted).

### III. DISCUSSION

The Commonwealth Defendants move to dismiss Plaintiff's Complaint for failure to state a claim and lack of subject matter jurisdiction on the basis of sovereign immunity. ECF No. 28 at

5

2, 5–6. Defendant Wolf-Maloney moves to dismiss Plaintiff's Complaint for failure to state a claim. ECF No. 29 at 4–5. Because Plaintiff fails to state a claim against both the Commonwealth Defendants and Defendant Wolf-Maloney on statute of limitations grounds, the Court will grant the Motions to Dismiss and will dismiss Plaintiff's claims against the Commonwealth Defendants and Defendant Wolf-Maloney with prejudice. The Court will address the two Motions to Dismiss together.

### A. Plaintiff Cannot State Claims Under 18 U.S.C. §§ 241, 242, and 245

In his Complaint, Plaintiff attempts to assert claims against the Commonwealth Defendants and Defendant Wolf-Maloney for violations of 18 U.S.C. §§ 241, 242, and 245. Compl. at 22–41. However, Plaintiff's claims under these criminal statutes are not viable because these statutes do not allow for a private right of action. Civil plaintiffs only have standing to sue for violations of criminal statutes when Congress intended to create a private right of action. *See Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("[P]rivate rights of action to enforce federal law must be created by Congress."). None of the three criminal statutes pursuant to which Plaintiff purports to assert claims against Defendants—18 U.S.C. §§ 241, 242, and 245—provides for a private right of action. *Carpenter v. Ashby*, 351 F. App'x 684, 688 (3d Cir. 2009) ("Neither [18 U.S.C. § 241 nor § 242] creates a civil cause of action."); *Walthour v. Herron*, No. 10-cv-01495, 2010 WL 1877704, at *3 (E.D. Pa. May 6, 2010) (finding that 18 U.S.C. § 245 does not confer a private right of action for damages).

Accordingly, Plaintiff cannot state claims against any Defendant under 18 U.S.C. §§ 241, 242, and 245. The Court will therefore dismiss these claims with prejudice since no amendment could cure the fact that Plaintiff has no private right of action under these statutes. *See Grayson v.*

*Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002) (courts need not grant leave to amend upon dismissal of a deficient complaint if amendment would be futile).

### B. Plaintiff Fails to State a Claim Under 42 U.S.C. § 1983

Plaintiff also seeks relief against the Commonwealth Defendants and Defendant Wolf-Maloney under 42 U.S.C. § 1983. Compl. at 22–41. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). With respect to Defendant Wolf-Maloney, Plaintiff's § 1983 claim fails because Plaintiff does not sufficiently allege that Wolf-Maloney was "acting under color of state law" in her role as Plaintiff's union representative for his arbitration against PSP. Generally, labor unions are not considered to be state actors within the meaning of § 1983. *See, e.g., Johnson v. Int'l Bhd. of Teamsters (Loc. 830)*, 256 F. App'x 481, 483 (3d Cir. 2007) (stating that "labor unions are generally not state actors—they are private entities"); *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("Labor unions . . . generally are not state actors[.]"). However, a union may be considered a state actor under § 1983 if it is alleged to have conspired with the state to violate an individual's constitutional rights. *See Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992) ("To state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act.").

Here, Plaintiff's Complaint lacks any factual allegations suggesting that Defendant Wolf-Maloney conspired with the Commonwealth of Pennsylvania or PSP to terminate his employment or otherwise uphold the PSP's termination decision. Although Plaintiff states that Defendant Wolf-Maloney "conspired with others to get [him] terminated from [his] job," Compl. at 34, "[a] merely

conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity," *Ciambriello*, 292 F.3d at 324. Accordingly, Plaintiff fails to state a viable claim under 42 U.S.C. § 1983 against Defendant Wolf-Maloney.[4]

With respect to both the Commonwealth Defendants and Defendant Wolf-Maloney, Plaintiff's § 1983 claims are time-barred. A § 1983 claim "is governed by the statute of limitations that applies to personal injury tort claims in the state in which such a claim arises." *Kach v. Hose*, 589 F.3d 626, 639 (3d Cir. 2009). For claims arising in Pennsylvania, the statute of limitations is two years. *Pearson v. Sec'y Dep't of Corrs.*, 775 F.3d 598, 602 (3d Cir. 2015). The limitations period "begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." *Genty v. Resol. Tr. Corp.*, 937 F.2d 899, 919 (3d Cir. 1991). Here, Plaintiff's § 1983 claim against the Commonwealth Defendants is based on his allegedly wrongful termination from the PSP on May 14, 2020. *See* Compl. at 6. It is apparent that Plaintiff knew, or surely had reason to know, about his allegedly wrongful termination on the date that it occurred, or at the latest shortly thereafter. Therefore, the statute of limitations for any § 1983 claims against the Commonwealth Defendants for Plaintiff's allegedly wrongful termination on May 14, 2020 expired in May 2022 or shortly thereafter. Plaintiff did not file the

---

[4] In her Memorandum of Law in support of her Motion to Dismiss, Defendant Wolf-Maloney separately argues that any claims asserted against her for breach of a union's duty of fair representation must be dismissed for failure to state a claim, if the Complaint could even be construed to assert such a claim. ECF No. 29 at 18. Because the right to union representation is governed by Pennsylvania state law, 43 Pa. Stat. & Cons. Stat. §§ 1101.101, *et seq.*, the Court declines to comment on the viability of this state law claim—if indeed it is asserted given that the Complaint does not mention the duty of fair representation and makes no allegations regarding Defendant Wolf-Maloney's performance during the arbitration. Since the § 1983 claim against Defendant Wolf-Maloney is being dismissed, the Court will decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any remaining state law claims because there is a lack of federal jurisdiction.

present lawsuit until July 21, 2025, *see* Compl., which is more than three years after the statute of limitations expired.[5]

With respect to Defendant Wolf-Maloney, Plaintiff alleges that she failed to appeal the arbitrator's decision finding in favor of the PSP. Compl. at 56. The arbitrator's decision was issued on March 21, 2022. ECF No. 29-1 at 13. Under Pennsylvania law, a petition to vacate an arbitration award must be made within thirty days after receipt of notice of the award. 42 Pa. Stat. & Cons. Stat. Ann. § 7321.24(b) (West 2019); *see* 210 Pa. Code Rule 1512(a)(1) ("A petition for review of a quasijudicial order, or an order appealable under 42 Pa. C.S. § 763(b) (awards of arbitrators) or under any other provision of law, shall be filed with the prothonotary of the appellate court within

---

[5] Because the Court finds that Plaintiff's § 1983 claims against the Commonwealth Defendants are time-barred and will dismiss the Complaint on that basis, the Court declines to comment on the Commonwealth Defendants' other arguments regarding Plaintiff's § 1983 claims, including that Plaintiff failed to allege the Commonwealth Defendants' personal involvement and that the Commonwealth Defendants are entitled to qualified immunity. ECF No. 28 at 9, 12–13.

The Court briefly addresses the Commonwealth Defendants' arguments pertaining to other claims that the Complaint could be construed as asserting. First, Plaintiff checked the breach of contract box in his form complaint, Compl. at 60, but fails to identify any contract or quasi-contract that he alleges was breached. The Commonwealth Defendants posit that the likely contract to which Plaintiff refers is the collective bargaining agreement. ECF No. 28 at 8. Under Pennsylvania law, contract actions are governed by a four-year statute of limitations. 42 Pa. Stat. & Cons. Stat. Ann. § 5525 (West 2002). Using Plaintiff's May 14, 2020 termination as the breach of the collective bargaining agreement, Plaintiff's breach of contract claim expired in May 2024, or shortly thereafter. Thus, any contractual claims are also time-barred.

Second, the Commonwealth Defendants argue that any state law claims are barred by sovereign immunity. ECF No. 28 at 10. Reading Plaintiff's Complaint liberally, the Commonwealth Defendants state that the Complaint could be construed to assert state law violations against unspecified Commonwealth Defendants for claims including, *inter alia*, perjury, defamation, and intentional infliction of emotional distress. *Id.* The § 1983 claims against the Commonwealth Defendants are being dismissed and as such, the Court will decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any remaining state law claims because there is a lack of federal jurisdiction. Accordingly, the Court declines to comment on the Commonwealth Defendants' sovereign immunity defense as it applies to state law claims.

30 days after the entry of the order."). Here, the deadline for Defendant Wolf-Maloney to timely appeal the Plaintiff's arbitration award was late April of 2022. This is also the date that the statute of limitations for any § 1983 claims against Defendant Wolf-Maloney started to accrue because Plaintiff knew, or had reason to know, that Defendant Wolf-Maloney failed to timely appeal the arbitration award in late April of 2022, or shortly thereafter. As such, the statute of limitations for any § 1983 claims against Defendant Wolf-Maloney for her failure to appeal the arbitrator's decision, issued on March 21, 2022, expired in late April of 2024, or shortly thereafter. Again, Plaintiff did not file the present lawsuit until July 21, 2025, *see* Compl., which is more than one year after the statute of limitations expired.

Accordingly, Plaintiff's § 1983 claims against the Commonwealth Defendants and Defendant Wolf-Maloney are barred by the statute of limitations. Because there are no grounds for equitable tolling of the statute of limitations,[6] and amendment will be futile, the Court will dismiss Plaintiff's § 1983 claims against the Commonwealth Defendants and Defendant Wolf-Maloney with prejudice. *See Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111 (3d Cir. 2013) (per curiam) (affirming dismissal of complaint with prejudice because "amendment would be futile" where "the allegations, taken as true, show that relief is barred by the applicable statute of

---

[6] Equitable tolling "is only appropriate (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014) (internal quotations and citation omitted). In the present case, Plaintiff alleges that he was aware of his allegedly wrongful termination when it occurred and of Defendant Wolf-Maloney's refusal to appeal the arbitration decision shortly after the decision was issued. Compl. at 6, 55, 56. Therefore, the Court finds that Plaintiff was not misled by Defendants regarding his injuries nor was he prevented from asserting his rights. In fact, Plaintiff previously attempted to litigate his wrongful termination claim, albeit unsuccessfully, in both federal and state court. *See supra* Section I.

limitations"); *Miles v. Camden Cnty. Jail*, No. 16-cv-7147, 2017 WL 729695, at *2 (D.N.J. Feb. 24, 2017) (dismissing complaint with prejudice where it was apparent from the face of the complaint that plaintiff's claims were barred by the statute of limitations); *Scott v. Cohen*, 528 F. App'x 150, 152 (3d Cir. 2013) (affirming dismissal with prejudice where the "defendants' involvement, if any, was clearly outside the statute of limitations").

## IV.  CONCLUSION

For the reasons set forth above, this Court will grant both the Commonwealth Defendants' Motion to Dismiss (ECF No. 28) and Defendant Wolf-Maloney's Motion to Dismiss (ECF No. 29). Plaintiff's claims against the Commonwealth Defendants and Defendant Wolf-Maloney will be dismissed with prejudice. An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**